UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

MATTHEW THOMAS LESTER, )
 )
       **Plaintiff,** )
 )
v. ) Case No. 14-CV-0522-CVE-FHM
 )
MINNESOTA LIFE INSURANCE COMPANY, )
a Securian company, )
 )
       **Defendant.** )

## OPINION AND ORDER

Now before the Court is defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. # 13. Defendant argues that plaintiff fails to state a claim upon which relief may be granted because the claim is barred by the doctrine of res judicata and, even if the claim is not barred, the factual allegations in the complaint are insufficient to state a claim for breach of contract. Id. at 1-2. Plaintiff, appearing pro se, did not respond to defendant's motion, and the time to do so has expired.[1] As there is no response, defendant has not filed a reply. Plaintiff previously

---

[1] In the complaint, plaintiff provided a mailing address in Tulsa, Oklahoma. Dkt. # 1, at 1. He later filed a notice of change of address to a mailing address in Mounds, Oklahoma, Dkt. # 3. The Mounds address was substituted as his address on the docket sheet. The Court Clerk mailed a copy of defendant's motion to dismiss to the Mounds address on October 1, 2014, and that mailing was returned undelivered on October 2, 2014. Dkt. # 14. The Court Clerk resent the motion on October 6, 2014, and it was not returned. The Court may therefore assume that it was delivered. If the Court allows three days for delivery, plaintiff received defendant's motion on October 9, 2014. Local Civil Rule 7.2 gives the recipient of a motion twenty-one days to file a response. LCvR 7.2(e). Thus, the time for plaintiff to respond to defendant's motion to dismiss expired on October 30, 2014.

filed an action against defendant in this court. See Lester v. Minn. Life Ins. Co., No. 13-CV-443-JED-PJC, Dkt. # 1 (N.D. Okla. July 22, 2013) (Lester I).[2]

# I.

Plaintiff is the son of Dr. Stephen Lester, a practicing physician and licensed private pilot. Dkt. # 1, at 2. During his life, Dr. Lester established the Lester Family Irrevocable Trust (the Trust) and named plaintiff as one of the beneficiaries. Id. at 2, 9. Prior to his death, Dr. Lester purchased an insurance policy, account number 23794400, from defendant. Dkt. # 1, at 2; see also Dkt. # 13-1, at 10. The policy had a face value of $5,000,000. Dkt. # 1, at 2; see also Dkt. # 13-1, at 4. The policy contained an aviation exclusion rider that limited defendant's liability in the event Dr. Lester died while piloting or operating an airplane. Dkt. # 1, at 2, 18. Dr. Lester named the Trust as the owner of the policy, giving it the right to collect any benefits upon his death. Id. at 2, see also Dkt. # 13-1, at 22. On September 5, 2009, Dr. Lester, his wife, two of his children, and a family friend perished in an airplane crash near Tulsa, Oklahoma. Dkt. # 1, at 2; see also Dkt. # 13-2, at 2. The Trust submitted a claim to defendant, and defendant paid benefits pursuant to the limitations in the rider, which was much less than the face value of the policy. Dkt. # 1, at 2-3, 9. The Trust accepted the payment. Id. at 3. In December 2012, the Trust assigned to plaintiff its right to bring a claim under the policy. Id. at 9-11.

On July 22, 2013, plaintiff filed a complaint against defendant in the Northern District of Oklahoma, and the case was assigned to the Honorable John E. Dowdell. Lester I, Dkt. # 1. Plaintiff alleged four claims: fraud, bad faith, infliction of emotional distress, and breach of contract. Lester

---

[2]  The Court may take judicial notice of other judicial proceedings related to the current case without converting a motion to dismiss into a motion for summary judgment. St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979).

I, Dkt. # 14, at 1. Defendant moved to dismiss the complaint for failure to state a claim, and plaintiff did not file a response. Id. at 2. Judge Dowdell granted defendant's motion, addressing the merits of each claim despite plaintiff's lack of response. Id. at 4-6. As to the breach of contract claim, Judge Dowdell found that plaintiff failed to allege all of the elements necessary to state a claim. Id. at 5-6. In his opinion and order, Judge Dowdell dismissed plaintiff's breach of contract claim without prejudice but granted him fourteen days to amend the complaint. Id. at 6. Plaintiff did not file an amendment, and Judge Dowdell entered a judgment of dismissal on all claims on February 3, 2014. Lester I, Dkt. # 15. Plaintiff filed the present action on August 29, 2014, seeking relief for "Breach of contract and to realize assets owed." Dkt. # 1, at 1.

## II.

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all of the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Twombly, 550 U.S. at 555;

3

Alvarado v. KOB-TV, LLC, 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

In addition, pro se pleadings must be liberally construed. See Haines v. Kerner, 404 U.S. 519, 520 (1972). For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. Hall, 935 F.2d at 1109; Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988). Pro se complaints are held to less stringent standards than pleadings drafted by lawyers, and the court must construe them liberally. Haines, 404 U.S. at 520. Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. Hall, 935 F.2d at 1110. Moreover, even pro se plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil Procedure." Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

## III.

Defendant seeks dismissal pursuant to Rule 12(b)(6), citing the doctrine of res judicata as well as plaintiff's failure to state all elements of a claim for breach of contract under Oklahoma law. Dkt. # 13.[3] Plaintiff argues that the doctrine of res judicata applies to plaintiff's claim because of the

---

[3] As defendant's motion may be resolved solely by application of the doctrine of res judicata, the Court will not address defendant's second argument in favor of dismissal.

4

result in Lester I. "Under res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the prior action." Satsky v. Paramount Commc'ns, Inc., 7 F.3d 1464, 1467 (10th Cir. 1993) (quoting N. Natural Gas v. Grounds, 931 F.2d 678, 681 (10th Cir. 1991)). Res judicata applies when there is "(1) a final judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." Pelt v. Utah, 539 F.3d 1271, 1281 (10th Cir. 2008) (quoting MACTEC Inc. v. Gorelick, 427 F.3d 821, 831 (10th Cir. 2005)). In some cases, the Tenth Circuit has applied an additional requirement that "the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit." Plotner v. AT&T Corp., 224 F.3d 1161, 1169 (10th Cir. 2000); see also Nwosun v. Gen. Mills Rests., Inc., 124 F.3d 1255, 1257 (10th Cir. 1997). However, this element is not always treated as a required element of res judicata and, instead, is considered an exception that may be raised by a party opposing the application of res judicata. Yapp v. Excel Corp., 186 F.3d 1222, 1227 n.4 (10th Cir. 1999). Res judicata is an affirmative defense, not a jurisdictional bar, and the defendant has the burden to establish the elements of this defense. Nwosun, 124 F.3d at 1257.

The first two elements of res judicata are clearly met in this case. The first element requires "a final judgment on the merits in an earlier action." Pelt, 539 F.3d at 1281. "The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" Fed. Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981); see also Goings v. Sumner Cnty. Dist. Att'ys Office, 571 F. App'x 634, 640 (10th Cir. 2014)[4] ("It is well-settled that a dismissal

---

[4] Unpublished decisions are not precedential, but they may be cited for their persuasive value. See FED. R. APP. 32.1; 10TH CIR. R. 32.1.

5

for failure to state a claim under Rule 12(b)(6)--which speaks to the legal insufficiency of the claim at issue--is an adjudication on the merits."); FED. R. CIV. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits."). Judge Dowdell addressed the merits of plaintiff's claim for breach of contract in ruling on plaintiff's motion to dismiss under Rule 12(b)(6). See Lester I, Dkt. # 14. Having given plaintiff the opportunity to amend--an opportunity that plaintiff did not take--Judge Dowdell entered a judgment of dismissal on all claims. Lester I, Dkt. # 15.[5] Therefore, a final judgment on the merits was entered and the first element of res judicata is satisfied. The second element of res judicata requires "identity of parties or privies in the two suits," Pelt, 539 F.3d at 1281, and as the parties to the two actions are identical, the second element of res judicata is met.

The final element of res judicata requires that there be an "identity of the cause of action in both suits." Id. To determine if the third requirement of res judicata is met, the Tenth Circuit has adopted the transactional approach of the Restatement (Second) of Judgments. Yapp, 186 F.3d at 1227. The transactional approach provides that a claim for relief will be precluded if it arises from the same transaction as a previous claim for relief in which a final judgment on the merits was

---

[5] Although Judge Dowdell dismissed plaintiff's breach of contract claim without prejudice in his opinion and order, Lester I, Dkt. # 14, at 6, the judgment of dismissal nevertheless operated as a dismissal with prejudice. Rule 41(b) states that dismissals under the Federal Rules of Civil Procedure, except for certain procedural dismissals, are adjudications on the merits "[u]nless the dismissal order states otherwise." The Supreme Court has held that "an 'adjudication upon the merits' is the opposite of a 'dismissal without prejudice.'" Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505 (2001). The judgment was entered pursuant to Rule 12(b)(6), and it is does not state that the breach of contract claim is dismissed without prejudice. Lester I, Dkt. # 15. Thus, the judgment dismissed plaintiff's breach of contract claim with prejudice.

6

entered. Id., see also RESTATEMENT (SECOND) OF JUDGMENTS § 24 (1982). Under the transactional approach, this Court must consider "whether the facts are related in time, space, origin or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." Petromanagement Corp. v. Acme-Thomas Joint Venture, 835 F.2d 1329, 1335 (10th Cir. 1988).

The Court finds that the two actions are, if not identical, so closely related that the third element of res judicata is met. Both arise from defendant's payment of life insurance benefits under a policy. Compare Dkt. # 1, at 18, with Lester I, Dkt. # 1, at 2. Both actions involve the existence and applicability of a rider limiting defendant's liability in the event Dr. Lester died while operating an aircraft. Compare Dkt. # 1, at 3, with Lester I, Dkt. # 1, at 2. In both cases, plaintiff argues that the rider is invalid. Compare Dkt. # 1, at 3, with Lester I, Dkt. # 1, at 2. The current action emphasizes the argument that the rider was not originally part of the insurance policy that plaintiff's father purchased. Compare Dkt. # 1, at 3 (alleging that Dr. Lester did not agree to the rider and that he purchased the policy from defendant specifically because defendant offered better terms for pilots), with Lester I, Dkt. # 1, at 2 (alleging that Dr. Lester did not sign an agreement that included the rider). However, this is the only apparent difference in plaintiff's arguments, and there is no reason to believe that plaintiff could not have made this argument in Lester I. See Satsky, 7 F.3d at 1467. The facts of the two actions are closely related in time, space, origin, and motivation, meeting the third and final element of res judicata. As all three elements of the doctrine of res judicata are satisfied, the doctrine applies and operates as a bar to plaintiff's claim.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss, Dkt. # 13, is hereby **granted**. A separate judgment of dismissal is entered herewith.

**DATED** this 3rd day of November, 2014.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE